UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re: Chapter 11

BAL HARBOUR QUARZO, LLC,
a/k/a Synergy Capital Group, LLC,
a/k/a Synergy Investments Group, LLC,

Case No. 18-11793-SMG

Debtor.
_______________________________________/

**MOTION FOR FINAL DECREE CLOSING THE CHAPTER 11 CASE**

The Trustee (the "Liquidating Trustee") of Bal Harbour Quarzo, LLC's ("Bal Harbour" or "Debtor") Liquidating Trust (the "Trust"), by and through the undersigned counsel, pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)"), files this Motion for Final Decree Closing the Chapter 11 Case (the "Motion") seeking entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Final Decree"), closing the case and granting related relief. In support of this Motion, the Liquidating Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b).

3. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

4. On February 16, 2018, the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. An order (the "Confirmation Order") [ECF No. 428] confirming the *Joint Combined Plan of Liquidation and Disclosure* (the "Plan")[1] [ECF No. 233] was entered on April 15, 2019.

6. The Confirmation Order and Plan provide for the establishment of the Trust on the effective date of the Plan, which occurred on April 16, 2019 (the "Effective Date") [ECF No. 435].

7. The Confirmation Order approved the form of the Bal Harbour Quarzo Liquidating Trust Agreement (the "Trust Agreement") to govern the Trust and the appointment of the Liquidating Trustee to administer the Trust upon the occurrence of the Effective Date.

8. Under the terms of the Plan, Confirmation Order, and related Trust Agreement, all the Debtor's remaining assets were transferred to the Trust on the Effective Date.

9. Assets transferred to the Trust included actions under chapter 5 of the Bankruptcy Code.

10. As of the date of this Motion, no unresolved claims, contested matters, adversary proceedings or other matters exist in the Bankruptcy Case.

11. The actual status of payments due to each class under the Plan is that all payments required to be made by the Liquidating Trustee under the Trust either have been made or will shortly be made.

## DISCUSSION

12. Section 350(a) of the Bankruptcy Code provides that a case shall be closed "[a]fter an estate is fully administered and the court has discharged the trustee." 11 U.S.C. § 350(a). Further, section 105(a) of the Bankruptcy Code provides that, "[t]he court may issue any order,

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13. Bankruptcy Rule 3022, which implements section 350(a) of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

14. While the term "fully administered" is undefined in the Bankruptcy Code and the Bankruptcy Rules, the Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note") lists the following non-exclusive factors for courts to consider when determining if a bankruptcy case is been fully administered:

> (1) whether the order confirming the plan has become final;
> (2) whether deposits required by the plan have been distributed;
> (3) whether the property proposed by the plan to be transferred has been transferred;
> (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
> (5) whether payments under the plan have commenced; and
> (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 (Advisory Committee Note—1991 Amendment).

15. The Liquidating Trustee hereby asserts that all the factors identified in the Advisory Committee Note have been substantially satisfied with respect to the Bankruptcy Case.

16. Additionally, all expenses arising from the administration of the Bankruptcy Case, including final distributions under the Plan and court fees have been paid or will be paid as soon as practicable. Furthermore, no fees are required to be paid pursuant to 28 U.S.C. § 1930(a)(6).

17. Accordingly, the Liquidating Trustee hereby submits that this Court may close the Bankruptcy Case.

## CONCLUSION

WHEREFORE, the Liquidating Trustee respectfully requests that the Bankruptcy Court enter an order (i) granting the Motion; (ii) closing the Bankruptcy Case; and (iii) granting any such further relief as the Court deems just and proper.

Dated: April 30, 2026.

Respectfully submitted,

*/s/ Eric Silver*

ERIC J. SILVER, ESQ.
Florida Bar No. 057262
esilver@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
150 West Flagler Street
Museum Tower, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

*Counsel to Liquidating Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| BAL HARBOUR QUARZO, LLC,<br>a/k/a Synergy Capital Group, LLC,<br>a/k/a Synergy Investments Group, LLC,<br><br>Debtor.<br>_______________________________________/ | Case No. 18-11793-SMG |

**FINAL DECREE CLOSING CHAPTER 11 CASE AND GRANTING RELATED RELIEF**

This matter came before the Court upon the *Motion for Final Decree Closing Chapter 11 Case* (the "Motion") filed by the Trustee (the "Liquidating Trustee") of the Bal Harbour Quarzo, LLC's Liquidating Trust. The Court, having (i) determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, including without limitation that (a) estate is fully administered, (b) all the factors identified in the Advisory Committee Note have been substantially satisfied with respect to the Bankruptcy Case, and (c) all expenses arising from the administration of the Bankruptcy Case, including final distributions under the Plan and court

fees have been paid or will be paid as soon as practicable, and (ii) found that the Liquidating Trustee's notice of the Motion and the opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided, finds it appropriate to grant the relief requested herein. Therefore, it is –

**ORDERED** and **ADJUDGED** as follows:

1. The Motion is **GRANTED** as set forth herein.

2. The Chapter 11 case of BAL HARBOUR QUARZO, LLC, a/k/a Synergy Capital Group, LLC, a/k/a Synergy Investments Group, LLC is hereby **CLOSED**, and a final decree is **GRANTED** effective as of the date hereof.

3. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

4. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

# # #

Submitted by:

Eric J. Silver, Esq.
Florida Bar No. 057262
esilver@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200, 150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

*(Attorney Silver is instructed to serve a copy of this Order on all interested parties and to file a Certificate of Service.)*